**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SUSAN KENT as PRESIDENT of
THE NEW YORK STATE PUBLIC EMPLOYEES
FEDERATION, AFL-CIO, NEW YORK STATE
PUBLIC EMPLOYEES FEDERATION, AFL-CIO,
and KAREN DANISH, JAMES CARR, ROBERT H.
HARMS, JR., KENNETH R. HUNTER, MARY REID,
CALVIN THAYER, and RAYMOND FERRARO
on Behalf of Themselves and All Others Similarly
Situated,**

                                       **Plaintiffs,**

    **vs.**                                               **1:11-CV-1533
                                                        (MAD/CRH)**

**THE STATE OF NEW YORK, ANDREW M. CUOMO,
as Governor of the State of New York, NEW YORK
STATE CIVIL SERVICE DEPARTMENT, PATRICIA A.
HITE, in her official capacity as Acting Commissioner,
New York State Civil Service Department, NEW YORK
STATE CIVIL SERVICE COMMISSION, CAROLINE W.
AHL and J. DENNIS HANRAHAN, in their official capacities
as Commissioners of the New York State Civil Service
Commission, ROBERT L. MEGNA, in his official capacity as
Director of the New York State Division of the Budget, and
THOMAS P. DiNAPOLI, in his official capacity as Comptroller
of the State of New York, and NEW YORK STATE AND LOCAL
RETIREMENT SYSTEM, NEW YORK STATE GOVERNOR'S
OFFICE OF EMPLOYEE RELATIONS, and GARY JOHNSON,
in his official capacity as Executive Director of the Governor's
Office of Employee Relations,**

                                         **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| New York State Public Employees<br>Federation, AFL-CIO<br>P.O. Box 12414<br>1168-70 Troy-Schenectady Road<br>Albany, New York 12212-3414<br>*Attorneys for Plaintiffs* | Rita J. Verga, Esq. |

Public Employees Federation, AFL-CIO    John F. Kershko, Esq.
Office of General Counsel    Lisa M. King, Esq.
1168-70 Troy-Schenectady Road
Albany, New York 12110

ERIC T. SCHNEIDERMAN    Charles J. Quackenbush, Esq.
Attorney General of the State of New York    Asst. Attorney General
The Capitol
Albany, New York 12224
*Attorney for Defendants*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

Plaintiffs commenced the within action alleging that defendants unilaterally increased the percentage of contributions that plaintiffs, active and retired employees, are required to pay for health insurance benefits in retirement and, thereby, violated the Contracts Clause and Due Process Clause of the United States Constitution, impaired plaintiffs' contractual rights under the terms of their Collective Bargaining Agreement, and violated state law. Presently before the Court is defendants' motion for reconsideration of portions of the prior Memorandum-Decision and Order ("MDO") issued on December 3, 2012. *See* Dkt. No. 26. (Dkt. No. 29). Plaintiffs have opposed the motion.[1] (Dkt. No. 32). Familiarity with the facts of this case is assumed based on this Court's previous MDO and will not be repeated herein.

## DISCUSSION

---

[1] On December 29, 2011, Chief United States District Judge Gary L. Sharpe issued an Order pursuant to General Order #12 of the United States District Court for the Northern District of New York. The within action was deemed "related" to nine other actions filed in this Court. In December 2012, this Court issued a Memorandum-Decision and Order resolving defendants' motion to dismiss all nine actions. Explaining the decision to issue nine separate Orders, this Court noted, "[w]hile the matters involve the same defendants and overlapping claims, the Court finds that they are sufficiently distinguishable in terms of the class of plaintiffs and facts to warrant separate Memorandum-Decisions and Orders." Here, defendants have filed the same motion for reconsideration in each action and each set of plaintiffs filed separate briefs in opposition to the motion. As this motion does not involve any new facts and is based solely on an alleged change in controlling law, the Court will issue the same Memorandum-Decision and Order applicable to all nine actions.

2

Defendants seek relief based upon Fed. R. Civ. P. 60 however, defendants do not specify whether the motion is based upon 60(a) or 60(b).

Rule 60(a) of the Federal Rules of Civil Procedure provides:

> Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

Rule 60(b) provides that, upon a motion and just terms, the court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence ...;
> (3) fraud ... misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged ... or
> (6) any other reason justifying relief from the operation of the judgment.

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided". *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). Relief under Rule 60 is considered "extraordinary judicial relief." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). For that reason, the motion will generally be denied unless the moving party can show that the court overlooked facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (citations omitted). Generally, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y.1995). Motions to vacate or to reconsider should not be granted if a moving party seeks only to relitigate an issue that has already been

3

fully considered by the court. *Id.* at 257. The Second Circuit has warned, that a Rule 60 motion may not be used as a substitute for appeal and that a claim based on legal error alone is inadequate. *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

Here, defendants argue that an intervening change in controlling law warrants reconsideration. Defendants cite to the December 17, 2012 Decision/Order/Judgment in the case of *RPEA v. Cuomo, et. al.* (Sup. Ct. Albany County) (Index No. 7586-11) ("*RPEA*").

The *RPEA* case was discussed in this Court's prior MDO in the context of the *Younger* Doctrine. In the prior motion to dismiss, defendants argued that the Court should abstain from ruling in this matter based upon the pending matter in Albany County. The Court noted:

> In the Albany County action, the petitioner, *Retired Public Employees Association* ("*RPEA*"), filed a petition pursuant to Article 78 against defendants herein. The petitioners, retirees from State service prior to October 1, 2011, petitioned for an order declaring the administrative implementation of an increase in the percentage of contributions by State retirees and/or their dependents based upon CSL § 167(8) invalid, null and void. The petitioners are also seeking an order declaring the emergency regulation filed on October 1, 2011 invalid, null and void, and are further seeking injunctive relief and a refund. On February 24, 2012, the respondents filed a motion to dismiss. Defendants argue that the RPEA case involves the same claims/issues presented herein and a facial challenge to CSL § 167(8).
>
> The Court has reviewed the *RPEA* pleadings annexed to defendants' motion. Defendants do not dispute that plaintiffs herein are not a party in the state proceeding. Therefore, for the *Younger* doctrine to apply herein, defendants must establish that plaintiffs and the *RPEA* petitioners' interests are "inextricably intertwined." Defendants have failed to demonstrate that plaintiffs' interests are so closely related that abstention is warranted. In the state action, petitioners have not asserted a contractual impairment claim based upon a CBA. Defendants have not established that plaintiffs' interests will interfere with the state court proceeding, nor has it been established that plaintiffs have an adequate opportunity for judicial review of their federal claims in the pending state court action. Moreover, the state court action does not contain claims against defendants in their individual capacities. Courts have made clear that the *Younger* doctrine should be applied sparingly and cautiously to federal

4

> plaintiffs not parties to an ongoing state action. Accordingly, this
> Court finds that the parties and their claims are not "so closely related"
> to require *Younger* abstention.

In the MDO, this Court specifically acknowledged that a motion to dismiss was filed and pending with the Supreme Court in the *RPEA* case. On December 17, 2012, two weeks after this Court's MDO was issued, Supreme Court Justice George B. Ceresia, Jr. issued a Decision/Order/Judgment in the *RPEA* case resolving the respondents' CPLR § 3211(a)(7) motion to dismiss the petitioners' Article 78/declaratory judgment action.

## I.     Procedural Issues

Before discussing the substantive issues raised by defendants' motion, the Court addresses the issue of whether defendants' motion is procedurally deficient. Defendants' motion is based upon "Rule 60" but defendants did not specify which section of Rule 60 allegedly applies

A party may only move for reconsideration of an order pursuant to Rule 60(b) if that order is final. *See Indem. Ins. Co. of N. Am. v. Reisley*, 153 F.2d 296, 299 (2d Cir. 1946) (footnote omitted). An MDO that "adjudicate[s] fewer than all the claims or the rights and liabilities of fewer than all the parities," is not a final order. *Frazier v. Turning Stone Casino*, 2005 WL 2033483, at *1 (N.D.N.Y. 2005). In this matter, Rule 60 does not apply because the MDO in question is not a final one as the order resulted in a partial granting and partial denial of a motion to dismiss. *See Douglas v. New York State Adirondack Park Agency,* 2012 WL 5364344, at *4 (N.D.N.Y. 2012) (citation omitted) (the Memorandum–Decision and Order [which granted motions to dismiss by two of the three defendants, and denied the plaintiff's cross-motion to amend] was not a final judgment or order). Rather, defendants' motion for reconsideration is governed by Local Rule 7.1(g). *Douglas*, 2012 WL 5364344, at *4.

Local Rule 7.1(g) provides as follows, in pertinent part:

> Motion for Reconsideration. Unless Fed.R.Civ.P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree.

N.D.N.Y. L.R. 7.1(g).

The standards for motions under local district court rules are very similar to those used for motions to reconsider under Rule 60(b). *See McAnaney v. Astoria Fin. Corp.*, 2008 WL 222524 (E.D.N.Y. 2008) (discussing cases).

Here, the Court issued the MDO on December 3, 2012. Judge Ceresia issued the Order in the *RPEA* case on December 17, 2012 but defendants delayed filing the within motion for nearly two months. Defendants submitted the motion on February 7, 2013. Plaintiffs raised the procedural inadequacies and timeliness issue in opposition to the within motion. However, in the reply, defendants still failed to address Rule 60, failed to specify or explain which subsection is applicable to this matter and omitted any explanation for the delay in filing the within motion. According to this Court's Local Rules, defendants' motion for reconsideration is untimely.

## II. Controlling Law

Assuming *arguendo* that defendants' motion was procedurally intact, defendants argue that the *RPEA* decision constitutes an "intervening change of controlling law". Reconsideration is appropriate where the court has overlooked "controlling decisions" that, "had they been considered, might have reasonably altered the result." *Cobalt Multifamily Investors I, LLC v. Shapiro*, 2009 WL 4408207, at *2 (S.D.N.Y. 2009) (citation omitted). "Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts." *Id.* (citation omitted). A decision by another district court is not binding on this court and therefore does not constitute "an intervening change in controlling law" sufficient to merit reconsideration. *Turner v. Burlington N. Santa Fe*

6

*R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). "[P]ersuasive but nonbinding authority [ ] does not constitute a point of law or fact that mandates reconsideration." *See Analytical Surveys, Inc. v. Tonga Partners*, *L.P,* 2009 WL 1514310, *3, n.9 (S.D.N.Y. 2009) (citation omitted).

Plaintiffs cite to *Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n* 289 F.Supp.2d 337 (E.D.N.Y. 2003) in support of the argument that the *RPEA* is not binding on this Court. In *Commercial Union*, the Eastern District was presented with a motion for reconsideration based upon a decision on a motion to dismiss in the case of *Roche v. Blue Water Yacht Club Ass'n,* a case pending in Nassau County Supreme Court. *Id.* at 341. The Court held:

> Although *Roche* is not binding on this Court, *see Harem–Christensen Corp. v. M.S. Frigo Harmony*, 477 F.Supp. 694, 697 (S.D.N.Y.1979) (the Court is not bound by rulings of intermediate or lower state courts on an issue on which the highest court of the state has not spoken), the Court will examine decisions of lower state courts to determine whether it is reasonable to assume that they present the current status of that state's law. *See Kuwait Airways Corp. v. Ogden Allied Aviation Services*, 726 F.Supp. 1389, 1395 n. 13 (E.D.N.Y.1989).

*Id*.

The substantive issues raised in plaintiffs' complaint have not yet been addressed by New York's Court of Appeals or the Second Circuit. Accordingly, this Court may examine the RPEA decision to assess whether it presents the "current status of the state's law". "A state court's construction of its own state's constitution and its own statute, so long as no federal constitutional issues are affected, is binding on a federal court." *See Small v. Bud-K Worldwide, Inc*., 895 F.Supp.2d 438, 445 (E.D.N.Y. 2012) (citing *Stolberg v. Members of Bd. of Tr. for State Coll. of State of Conn*., 541 F.2d 890, 894 (2d Cir. 1976) ("It is basic that a state court's construction of its own constitution is definitive and binding upon the federal court."), *cert. denied* 429 U.S. 897 (1976). However, "no state court decision is binding on a federal constitutional question." *Id*. (citing *inter alia Sys. Contractors Corp. v. Orleans Parish Sch. Bd.*, 148 F.3d 571, 575 n. 23 (5th

Cir. 1998) ("Although state courts have the authority to decide issues of federal constitutional law, state court decisions are not binding upon the federal courts.").

The *RPEA* decision is not only non-binding but it does not represent "controlling law". As discussed *infra*, plaintiffs' herein assert federal constitutional claims with respect to Civil Service Law. Accordingly, this Court is not bound by a decision from the New York State trial court. However, more importantly, the decision in RPEA does not represent "law". In *RPEA*, the trial court was presented with a motion to dismiss and held that, "[a]ffording the petition here a liberal construction, accepting the allegations contained therein as true, and according petitioners the benefit of every favorable inference, petitioners have failed to state any valid cause of action". *RPEA* does not represent an intervening change in controlling law. The decision was not rendered after discovery or any examination of the record. *See Elektra Entm't Grp., Inc. v. Santangelo*, 2008 WL 4452393, at * 4 (S.D.N.Y. 2008) (the defendant mistakenly relied upon a decision on Florida decision on a motion to dismiss counterclaims wherein that court found that the defendant had alleged adequate facts to support her counterclaims, which, was not the case in the case before the Southern District). The RPEA decision did not create any rule of law, rather, the trial court found that the petitioners' therein failed to sufficiently plead any valid cause of action.

### III. Substantive Issues

Assuming *arguendo* that the *RPEA* decision is authoritative, binding precedent, defendants argue that the decision compels this court to revisit the decision on: (1) the motion to dismiss plaintiffs' contract based claims; (2) the Eleventh Amendment jurisdictional bar; (3) legislative immunity; and (4) the application of the *Younger* doctrine. The Court disagrees as the actions are distinguishable in many respects.

**A.     Claims Asserted**

In the *RPEA* decision, the trial court summarized the petitioners' action:

> Petitioners challenge the 2% increase in the retirees' contribution to retirees' health care premiums on three grounds. Petitioners urge that respondents' action must be invalidated because it (1) violates Civil Service Law 167(1)(a) and is therefore *ultra vires*; (2) violates the Contract Clauses contained in the United States Constitution, Article I, Section 10(1) and the New York State Constitution, Article I, Section 6; and (3) violates the New York State Constitution, Article 3, Section 1 because the legislative power of the State is vested in the Legislature and the Legislature has not delegated authority to respondents to increase contributions by retirees.

*Id*. at p. 4.

Here, plaintiffs claims are distinguishable in terms of the relief sought and the nature of the claims against defendants. Plaintiffs seek a declaratory judgment: (1) declaring that defendants' actions increasing contribution rates paid by plaintiffs and the class they represent, are unconstitutional in violation of the Contract Clause of Article I, § 10 of the United States Constitution, Article I, § 6 of the New York State Constitution, and their Fourteenth Amendment Due Process rights under the United States Constitution, and permanently enjoining State defendants from implementing same; (2) declaring that defendants' actions increasing contribution rates paid by plaintiffs and the class they represent violate the CBAs; (3) declaring Chapter 491 of the Laws of 2011 unconstitutional, as applied under Civil Service Law § 167(8); (4) declaring that defendants' actions increasing contribution rates paid by plaintiffs and the class they represent, are unlawful, unauthorized pursuant to New York Civil Service Law § 167(8), in excess of jurisdiction, and null and void. Plaintiffs also seek an order enjoining, prohibiting and restraining defendants from making any deductions from the monthly pension payments of plaintiffs and the class they represent, or passing along any additional costs or charges, as a result

9

of the reduced State contribution rates by State defendants challenged herein. Plaintiffs also seek monetary relief against defendants in their individual capacity.[2]

Based upon the difference in claims asserted by the *RPEA* petitioners and plaintiff's herein, the *RPEA* decision does not provide a basis for reconsideration. *See Anwar v. Fairfield Greenwich Ltd.,* 884 F.Supp.2d 92, 97 -98 (S.D.N.Y. 2012) (the decision on a motion to dismiss, cited by movant on a motion to reconsider, did not involve a case with similar allegations).

**B.    Contractual Claims**

Defendants claim that the *RPEA* decision "eliminates any plausible State law basis for a contract clause claim". However, defendants do not address the clear factual differences between the *RPEA* petitioners' contract clause claims and plaintiffs' claims herein. In this matter, plaintiffs assert their Contract Clause claims relying upon various Collective Bargaining Agreements ("CBAs"). Conversely, the petitioners in *RPEA* based their Contract Clause claims upon Civil Service Law § 167(8) arguing that the statute violates the Contract Clauses. With respect to the petitioners' second cause of action and the Contract Clause, the Judge Ceresia held:

> In the Court's view, petitioners' Contract Clause argument must be rejected by reason that there is no "contract" that entitles petitioners to continued State contributions to public retirees health care at the same levels as they received prior to the enactment of Civil Service Law 167(8).
>
> Petitioners have failed to allege the existence of an actual contract during the period of their employment which provided that the State is obliged to continue contributing to public retirees' health care at the level applicable at the time of retirement. Thus, petitioners' position is clearly distinguishable from that of retirees whose future health care coverage was assured in collective bargaining agreements that unambiguously provided for continued coverage at a fixed rate for retirees at all times subsequent to their retirement.

---

[2] The Court previously dismissed plaintiffs' monetary claims asserted against defendants in their official capacities based upon the Eleventh Amendment.

10

*Id*. at p. 14.

As this Court noted in the prior MDO, "plaintiffs state they are not asserting their contractual right to a certain health insurance premium derived from CSL § 167(1)(a)". Based upon the clear difference in both the facts and substance of the contractual claims, defendants have not met the burden of establishing that the *RPEA* decision entitles defendants to any relief under Rule 60 or this Court's Local Rules.

**C.      Eleventh Amendment and Legislative Immunity**

Defendants argue that Judge Ceresia's conclusions that the officials acted within the authority delegated to them by the legislature requires this Court to reconsider the portion of the MDO involving Eleventh Amendment bar and legislative immunity. Once again, defendants do not appreciate the distinctions between the *RPEA* petitioners' claims and plaintiffs' claims herein. In the prior MDO, this Court discussed plaintiff's allegations that Hite and Megna acted *ultra vires* because Hite did not file an oath of office and did not attend or vote at any official meeting and therefore, both Hite and Megna lacked authority. The petitioners in the *RPEA* matter made no such allegations against Hite and Megna. In the prior MDO, this Court addressed the issue in the context of plaintiffs' contractual impairment claims against defendants in their official capacities (Eleventh Amendment) and their individual capacities (Legislative Immunity). With respect to the Eleventh Amendment, this Court concluded that plaintiffs' sufficiently pled the *ultra vires* exception to survive defendants' motion to dismiss plaintiffs' state law claims. With respect to legislative immunity, this Court held:

> Here, defendants argue that by issuing the regulations, they were fulfilling discretionary, policymaking functions implicating State budgetary priorities. As discussed *supra*, plaintiffs claim that defendants acts were *ultra vires*, without authority and null and void. Cplt. at ¶¶ 115-118, 163, 164. Taking the allegations in the complaint as true, as the Court must do on a motion to dismiss, plaintiffs have

11

> sufficiently alleged that defendants Hite and Megna were acting beyond the scope of their authority as public officials. Drawing all reasonable inferences in plaintiffs' favor, the Court finds that the allegations are sufficiently pled to defeat defendants' motion at this stage of the litigation. *See Collin Cnty, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN)*, 654 F. Supp. 943, 949 (N.D. Tex. 1987) (holding that the plaintiffs' allegations that the defendant's actions were "*ultra vires*" in character and that they acted outside of their capacities as public officials arguably "deprives the defendants of Rule 12(b)(6) dismissal based upon an absolute immunity defense.") At this stage of the litigation, based upon the sparse record, the Court cannot state as a matter of law, that defendants are entitled to legislative immunity. *See Phillips v. Town of Brookhaven*, 216 A.D.2d 374, 375 (2d Dep't 1995) (holding that "[i]t cannot be determined on the instant record that the individual defendants were acting exclusively in a legislative capacity, which is required for immunity to attach"); *see also Moxley v. Town of Walkersville*, 601 F. Supp. 2d 648, 662 (D. Md. 2009) (holding that "the doctrine of legislative immunity is not uniquely asserted on motions to dismiss"). This ruling does not prevent defendants from renewing their motion with respect to the applicability of the doctrine of legislative immunity after sufficient discovery and development of the record.

In support of this argument for reconsideration, defendants attempt to broaden the scope of the *RPEA* holding and cite to portions of the decision, out of context, contending that Judge Ceresia concluded that defendants acted within their authority. Indeed, a thorough review of the decision does not support that assertion. Judge Ceresia discussed legislative authority in the context of the petitioners' third cause of action and the petitioners' claims that the "Legislature has not delegated authority to respondents to increase contributions by retirees". Judge Ceresia held, "[t]he Court finds that the Legislature properly authorized an adjustment of contributions for health care premiums of retirees through the enactment of Civil Service Law 167(8)." The court continued:

> The petitioners have failed to present specific allegations that would support their conclusion that the Legislature ceded any fundamental policy responsibility to make social and political policy to the President of the Civil Service Commission. Petitioners have failed to

12

> present specific allegations that would support a conclusion that the Legislature failed to set forth reasonable standards for respondents. Petitioners failed to present specific allegations that would support a conclusion that respondents have promulgated regulations that are outside of the scope of the legislative delegation or contradict Civil Service Law 167(8).

*Id*. at p. 16.

In this matter, the Court found that, at this juncture, plaintiffs sufficiently pled the *ultra vires* exception to the Eleventh Amendment and further, that plaintiffs sufficiently pled that HIte and Megna acted beyond the scope of their authority as public officials to prevent the Court from finding, as a matter of law, that legislative immunity barred their claims. The Court specifically cautioned, "[t]his ruling does not prevent defendants from renewing their motion with respect to the applicability of the doctrine of legislative immunity after sufficient discovery and development of the record". At this juncture, nothing in the record or in the *RPEA* holding persuades this Court to revisit this conclusion. Judge Ceresia's finding that the *RPEA* petitioners failed to sufficiently plead their causes of action to survive a motion to dismiss does not compel this Court to adopt the same conclusions with respect to different plaintiffs, different claims and different facts.

**D.** *Younger* **Doctrine**

With respect to defendants' claim that the RPEA decision requires this Court to reconsider whether the *Younger* doctrine applies, the Court finds that defendants' have not presented any new facts that would persuade this Court to reconsider it's decision with respect to that issue. Disagreement with this Court's ruling is not the basis for reconsideration. *See Concerned Citizens of Chappaqua v. U.S. Dep't of Transp*., 2009 WL 1158966, at *2 (S.D.N.Y. 2009).

This Court is not bound by the decision in *RPEA* as it does not represent controlling law that "would justify the exceptional remedy of reconsideration". *See Stephens v. Shuttle Assoc.,*

13

*L.L.C.*, 547 F.Supp.2d 269, 281 (S.D.N.Y. 2008). The decision in *RPEA* is narrow and applicable only to the claims in the petition presented to the trial court. The *RPEA* decision does not impact this Court's previous analysis of whether plaintiffs herein sufficiently pled their causes of action to survive a motion to dismiss. Accordingly, there is no ground for a revision of the prior MDO because no "intervening change of controlling law" exists that would warrant a modification of the Court's previous decision.

## CONCLUSION

**IT IS HEREBY**

**ORDERED** that defendants' motion for reconsideration based upon Rule 60 (Dkt. No. 29) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 9, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge