**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SUSAN KENT as PRESIDENT of
THE NEW YORK STATE PUBLIC EMPLOYEES
FEDERATION, AFL-CIO, NEW YORK STATE
PUBLIC EMPLOYEES FEDERATION, AFL-CIO,
and KAREN DANISH, JAMES CARR, ROBERT H.
HARMS, JR., KENNETH R. HUNTER, MARY REID,
CALVIN THAYER, and RAYMOND FERRARO
on Behalf of Themselves and All Others Similarly
Situated,**

          **Plaintiffs,**

 vs.               **1:11-CV-1533
                    (MAD/CFH)**

**THE STATE OF NEW YORK, ANDREW M. CUOMO,
as Governor of the State of New York, NEW YORK
STATE CIVIL SERVICE DEPARTMENT, PATRICIA A.
HITE, in her official capacity as Acting Commissioner,
New York State Civil Service Department, NEW YORK
STATE CIVIL SERVICE COMMISSION, CAROLINE W.
AHL and J. DENNIS HANRAHAN, in their official capacities
as Commissioners of the New York State Civil Service
Commission, ROBERT L. MEGNA, in his official capacity as
Director of the New York State Division of the Budget, and
THOMAS P. DiNAPOLI, in his official capacity as Comptroller
of the State of New York, and NEW YORK STATE AND LOCAL
RETIREMENT SYSTEM, NEW YORK STATE GOVERNOR'S
OFFICE OF EMPLOYEE RELATIONS, and GARY JOHNSON,
in his official capacity as Executive Director of the Governor's
Office of Employee Relations,**

          **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| New York State Public Employees<br>Federation, AFL-CIO<br>P.O. Box 12414<br>1168-70 Troy-Schenectady Road<br>Albany, New York 12212-3414<br>*Attorneys for Plaintiffs* | Rita J. Strauss, Esq.<br>Jessica C. Caggiano, Esq. |
| Public Employees Federation, AFL-CIO | John F. Kershko, Esq. |

Office of General Counsel                           Lisa M. King, Esq.
1168-70 Troy-Schenectady Road
Albany, New York 12110
*Attorneys for Plaintiffs*

ERIC T. SCHNEIDERMAN                                Laura A. Sprague, Esq.
Attorney General of the State of New York           Asst. Attorney General
The Capitol
Albany, New York 12224
*Attorney for Defendants*

**Christian F. Hummel, U.S. Magistrate Judge:**

## REPORT-RECOMMENDATION AND ORDER[1]

## INTRODUCTION

Familiarity with the underlying facts and procedural history is presumed based upon prior Memorandum-Decision and Orders ("MDO") issued by the Hon. Mae A. D'Agostino, United States District Judge for the Northern District of New York. (Dkt. Nos. 26, 34). Presently before the Court is plaintiffs' motion to amend/correct the complaint. (Dkt. No. 50). Defendants oppose the motion and have moved for judgment on the pleadings on behalf of defendants Cuomo, Ahl, Hanrahan, DiNapoli and Johnson. (Dkt. Nos. 52. 53). The Court addresses both motions herein.

## DISCUSSION

**I.    Motion to Amend**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading shall be freely given when justice so requires. *See Livingston v. Piskor*, 215 F.R.D. 84, 85 (W.D.N.Y. 2003). "Absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

obeyed." *Monahan v. New York City Dep't of Corr.,* 214 F.3d 275, 283 (2d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, plaintiffs annexed the proposed Amended Complaint to the motion papers. The Court has conducted a line-by-line review of the entire proposed amended complaint. While plaintiffs contend that the amendment is intended to "clean up" the complaint in accordance with the Court's December 2012 order, the proposed amended complaint continues to include references to The State of New York, New York State Civil Service Department, New York State Civil Service Commission, the New York State and Local Retirement System and the New York State Governor's Office of Employee Relations as defendants herein. In the prior Order, these parties were removed from the action.

Plaintiffs' proposed amended complaint also includes new allegations against defendants Cuomo, Ahl, Hanrahan, Hite, DiNapoli, Johnson and Megna. In the original complaint, plaintiffs did not assert claims against the aforementioned individuals in their individual (personal) capacities. The Court discussed that omission in the prior Order:

> Plaintiffs have not asserted any claims against defendants Cuomo, Hite, Ahl, Hanrahan, Megna, DiNapoli or Johnson, individually. However, plaintiffs argue that, "should the Court find that the PEF plaintiffs' monetary relief request is not ancillary to the requested injunctive relief, the PEF plaintiffs request to amend their complaint to seek such damages against the defendants in their individual capacities." See Dkt. No. 16, at p. 8. The Court construes this argument as a motion for leave to file an amended complaint.
>
> Suits against state officials in their personal capacity are not barred by the Eleventh Amendment, even for actions required by their official duties, *Hafer v. Melo*, 502 U.S. 21, 27–28 (1991) (holding that state officials may be personally liable for actions taken in their official capacity); however, such actions may be subject to dismissal on other grounds. Here, defendants argue that legislative immunity would divest this Court of jurisdiction over any claims against the individual defendants in their individual capacities. However, legislative immunity is a personal defense that may be asserted in the context of

3

> a challenge under Rule 12(b)(6) and is not proper for review as a jurisdictional bar under Rule 12(b)(1). *See State Emp.*, 494 F.3d at 82 n.4. Accordingly, that portion of defendants' motion, and plaintiffs' request to amend, will be discussed *infra*.
>
>       \*      \*      \*
>
> Motions for leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny a motion for leave to amend where there is an apparent or declared reason not to grant leave to amend, such as the futility of amendment. *See Fahs Const. Group, Inc. v. Gray*, 2012 WL 2873532, at \*5 (N.D.N.Y. 2012).
>
> Here, plaintiffs' opposition to defendants' motion is not a formal cross-motion and fails to (1) attach a copy of the proposed Amended Complaint, and (2) set forth specifically the proposed amendments, and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the Amended Complaint or other equivalent means, in violation of Local Rule 7.1(a)(4). See id. (holding that, for this reason alone, the court can deny the plaintiffs' request). The absence of a proposed amended complaint precludes this Court from determining whether the proposed amendment would be futile. Plaintiffs' "motion" for permission to file an amended complaint is denied without prejudice to refile. *See Johnson v. Monsanto Chem. Co.*, 129 F. Supp. 2d 189, 197 (N.D.N.Y. 2001).
>
> Based upon the aforementioned, the Court cannot determine whether legislative immunity would apply to any potential claims against defendants in their individual capacities. This ruling does not prevent defendants from renewing their motion with respect to the applicability of the doctrine of legislative immunity after plaintiffs move to amend and upon the completion of sufficient discovery and development of the record.

*See* Dkt. No. 26 at 18–19, 27–28.

Now, in the proposed amended complaint, plaintiffs allege as follows:

> 21. Defendant Andrew M. Cuomo is the Governor of the State of New York, and in such capacity is the chief executive officer of the State of New York, with all the powers and duties set forth in the New York Constitution, Executive Law, and as otherwise prescribed by law, statutes, rules and regulations. Mr. Cuomo is a defendant in his official and individual capacities.

4

22. Upon information and belief, defendant Cuomo took action to impose, approved and directed reduced health insurance benefits (and increased rates of contribution) on a continuing and ongoing basis for retired State employees, October 1, 2011.

30. Upon information and belief, defendant Hite took action to impose, administratively extend and implement reduced health insurance benefits (and increased rates of contribution) on a continuing and ongoing basis for retired State employees, including plaintiffs and the class they represent, effective October 1, 2011, and also did so at the direction of defendant Governor and/or his staff.

32. Upon information and belief, defendant Hite purports to have acted in the capacity of Commissioner and/or President of the Civil Service Department and/or Civil Service Commission when she took action to diminish health insurance benefits and increase the contribution rates of State retirees, including plaintiffs, and the class they represent. Ms. Hite is a defendant in her official and individual capacities.

34. Defendants Caroline W. Ahl and J. Dennis Hanrahan, together constitute the Civil Service Commission, with all the powers and duties set forth in the Civil service law and as otherwise prescribed by law, statutes, rules and regulations, Ms. Ahl and Mr. Hanrahan are defendants in their official and individual capacities.

35. Upon information and belief, defendants Caroline W. Ahl and J. Dennis Hanrahan took action to impose, administratively extended and implemented reduced health insurance benefits (and increased rates of contribution) on a continuing and ongoing basis for retired State employees, including plaintiffs and the class they represent, effective October 1, 2011.

36. Defendant Robert L. Megna is the duly appointed Director of the New York State Division of the Budget, with all of the powers and duties set forth in the Executive Law, Civil Service Law, and as otherwise prescribed by law, statutes, rules and regulations. Mr. Megna is a defendant in his official and individual capacities.

37. Upon information and belief, defendant Megna took action to impose and approved the administrative extension and implementation of reduced health insurance benefits (and

5

> increased rates of contribution) on a continuing and ongoing basis for retired State employees, including plaintiffs and the class they represent, effective October 1, 2011, and also did so at the direction of defendant Governor and/or his staff
>
> 40. Defendant DiNapoli, as State Comptroller, is responsible for the administration of the New York State and Local Retirement System (Retirement System), including monthly payment of pensions to eligible retired State employee pensioners in the Employees' Retirement System (ERS), less any deductions for the payment of retiree health insurance premium costs. Mr. DiNapoli is a defendant in his official and individual capacities.
>
> 42. Upon information and belief, defendant DiNapoli and New York State and Local Retirement System took action to impose, extend and implement reduced health insurance benefits (and increased rates of contribution) on a continuing and ongoing basis for retired State employees, including plaintiffs and the class they represent, effective October 1, 2011.
>
> 43. Defendant Gary Johnson is the Executive Director of defendant Governor's Office of Employee Relations ("GOER"), which is the agency of the Governor for the negotiation and administration of collective bargaining agreements with the bargaining representatives of all State employees including PEF. GOER has all the powers and duties set forth in the New York Executive Law and other relevant statutes. Mr. Johnson is a defendant in his official and individual capacities.
>
> 44. Upon information and belief, defendants Gary Johnson and GOER took action to impose, extend and implement reduced health insurance benefits (and increased rates of contribution) on a continuing and ongoing basis for retired State employees, including plaintiffs and the class they represent, effective October 1, 2011.

Defendants present no objection to the aforementioned paragraphs as they pertain to Hite and Megna. With respect to Cuomo, Ahl, Hanrahan, DiNapoli and Johnson, defendants argue that based upon the language of a complaint in a companion action and Judge D'Agostino's September 2013 MDO (Dkt. No. 48) in *Brown v. New York, et. al., supra,* 975 F. Supp. 2d 209

(N.D.N.Y. 2013), plaintiffs' proposed amendment is futile. In the *Brown* decision, the Court discussed the plaintiffs' allegations relating to personal involvement:

> Defendants argue that Plaintiffs' conclusory, non-specific allegations regarding the personal involvement of each of the individual Defendants are insufficient to survive a motion to dismiss. In particular, Defendants contend that Plaintiffs have made several allegations related to certain Defendants' personal involvement "upon information and belief," that Plaintiffs have impermissibly relied on the doctrine of respondeat superior in their allegations with respect to certain Defendants' personal involvement, and that there are no allegations whatsoever linking certain Defendants to the conduct at issue. It appears that Plaintiffs have failed to address this argument in their oppositions to Defendants' motion to dismiss.

*Id*. at 229.

The Court reviewed the plaintiffs' allegations against each defendant

> Based upon a review of the allegations in the Complaint, the Court finds that Plaintiffs have failed to make any direct or indirect allegations sufficient to permit an inference that Defendants Cuomo, Lippman, Prudenti, Ahl, Hanrahan, and DiNapoli acted or failed to act in any of the ways that would subject them to personal liability for the violations alleged by Plaintiffs. Accordingly, Defendants' motion to dismiss Plaintiffs' claims as to these Defendants in their individual capacity is granted.

*Id.*

While defendants' motion was granted, the Court did not conclude the analysis there. The Court discussed Rule 15(a) and held:

> Here, there has been no showing of bad faith or undue delay by Plaintiffs, nor would Defendants suffer any prejudice if Plaintiffs are permitted to amend their complaint since there are presently ten related actions pending before this Court in which the parties have not begun conducting discovery. Moreover, the Court finds that such amendment would not be futile since the Complaint could withstand a motion to dismiss on these grounds if properly amended. Accordingly, the Court grants Defendants' motion to dismiss for failure to sufficiently plead these Defendants' personal involvement, with leave to amend.

7

*Brown*, 975 F. Supp. 2d at 231.

Defendants now argue that based upon the Court's holding in *Brown*, allegations of personal involvement against all defendants, except Hite and Megna, must be dismissed. Defendants did not reference or cite to any language in *Brown* complaint in support of their argument but merely state that the allegations therein are "similarly insufficient" to those at hand. Moreover, defendants do not address the fact that the Court allowed plaintiffs an opportunity to amend the complaint in the *Brown* action. The Court has reviewed the Brown complaint and finds the allegations herein to be readily distinguishable. In the *Brown* case, the plaintiffs' allegations merely identified the subject defendants and their duties/responsibilities. Here, plaintiffs' proposed amendment contains allegations against the named defendants in their individual capacities that mirror the claims that other plaintiffs asserted in their complaints in companion cases. Moreover, plaintiffs' proposed amendment contains allegations against the named defendants in their individual capacities that mirror the claims that other plaintiffs asserted in their complaints in companion cases. As the parties are aware, in the Orders resolving the defendants' motions to dismiss in those cases, the Court engaged in a lengthy discussion of legislative immunity as it related to claims against the defendants in their individual capacities. The Court held that those claims were sufficiently pled to survive a Rule 12(b)(6) motions to dismiss. At this stage of the litigation, this Court is presented with the same record and evidence before the District Judge on the prior motion to dismiss. The evidence and factual record is no further developed. For nearly two years, the parties have been entangled in procedural motion practice. Defendants have failed to demonstrate that the additional claims in plaintiffs' proposed amendment would be futile. Nor have defendants demonstrated any bad faith, prejudice or undue delay that would result if the Court allows the proposed amendment. Thus, plaintiff's motion for

leave to amend is granted. *See Ouedraogo v. A-1 Intern. Courier Service, Inc*., NO. 12 Civ. 5651(AJN), 2013 WL 3466810, at *7 (S.D.N.Y. July 8, 2013).

However, the Court will not accept plaintiff's proposed amended complaint in its current form. As noted, the complaint still contains allegations against defendants previously dismissed from this action. Plaintiffs are directed to submit an Amended Complaint with an amended caption. Moreover, the Amended Complaint shall not contain any reference to any previously removed parties as defendants in the caption or the body of the complaint. Plaintiffs are directed to correct that deficiency and submit an Amended Complaint within ten (10) days of the date of this Order.

**II.     Motion for Judgment on the Pleadings**

Defendants move pursuant to Fed. R. Civ. P. 12(c) for judgment and dismissal of all claims against defendants Cuomo, Ahl, Hanrahan, DiNapoli and Johnson in their personal and official capacities. Defendants assert that plaintiffs' pleadings fail to allege facts sufficient to support a connection between the aforementioned defendants and the enforcement of the challenged statute or any personal involvement in alleged constitutional violations. Defendants further contend that the aforementioned defendants have no specific connection with the enforcement of the legislative act being challenged. Plaintiffs claim that defendants are improperly attempting to reargue an issue that the Court has resolved on two prior occasions and also assert that they have properly alleged personal involvement on behalf of the aforementioned defendants.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). When a party makes a Rule 12(c) motion, the court applies the same

9

standard as when a party files a Rule 12(b)(6) motion. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts the material facts alleged in the complaint as true, drawing all inferences in favor of the non-moving party. *See, e.g., Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003) (citing *Patel v. Contemporary Classics of Beverley Hills*, 259 F.3d 123, 126 (2d Cir. 2001)). The moving party has the heavy burden of showing that the plaintiff is not "entitled to offer evidence in support [his] claims." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (citations omitted). Thus, the court should only dismiss claims where the plaintiff provides no "plausible" basis to support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**A.     Personal Involvement**

Defendants' arguments regarding the sufficiency of plaintiffs' allegations of personal involvement of defendants Cuomo, Ahl, Hanrahan, DiNapoli and Johnson were addressed *infra*.

**B.     Official Capacity**

Defendants argue:

> In denying defendants' motion to dismiss the original complaint in this matter, the Court noted defendants' failure to address the immunity set forth in *Ex Parte Young*, 209 U.S. 123 (1908). (citation omitted). As plaintiffs had set forth a prima facie showing that their complaint alleged an ongoing violation of federal law, which was undisputed by the defendants at that time, the Court found that the complaint properly requested prospective relief against the individual defendants in their official capacities. (citation omitted). At this time, defendants move on the pleadings to dismiss all defendants other than defendants Hite and Megna in their official capacities.

Defendants argue that plaintiffs have failed to allege that any of the defendants, except for Hite and Megna, had any connection with the enforcement of the legislative act that has been challenged, and their complaint fails to state a cause of action against those individual defendants in their official capacity. Plaintiffs contend that the implementation and enforcement of the act did not rest solely with Hite and Megna, rather defendants Cuomo, Ahl, Hanrahan, Johnson and DiNapoli played a significant role in the implementation and unlawful application of Civil Service Law 167(8). Plaintiffs also assert that, at this stage of the litigation, plaintiffs' claims are not frivolous and overcome defendants' motion.

In the prior MDO, the Court addressed *Ex Parte Young*:

> Defendants argue that Eleventh Amendment immunity extends to state officials but fail to address the *Ex Parte Young* exception. Here, plaintiffs argue that a "straightforward inquiry" reveals that plaintiffs have alleged a violation of federal law. Plaintiffs allege that defendant officials are engaged in enforcing Chapter 491 of the Laws of 2011, a law that is contrary to federal law because it impairs their rights under Article I, Section 10 of the U.S. Constitution. Plaintiffs also allege that officials are implementing a state statute that violates federal due process. An allegation that state officials are enforcing a law in contravention of controlling federal law is sufficient to allege an ongoing violation of federal law for the purposes of *Ex parte Young*. *See Chester Bross Const. Co. v. Schneider*, No. 12-3159, 2012 WL 3292849, at *6 (C.D. Ill. Aug. 10, 2012) (citing *Verizon Md., Inc.*, 535 U.S. at 645). Thus, plaintiffs have satisfied the first prong of *Ex Parte Young*.

Once again, defendants are attempting to re-litigate and reargue an issue that has been addressed by the Court on two prior occasions, without any new evidence or intervening controlling caselaw. A review of the prior MDO reveals that while defendants neglected to engage in any meaningful discussion of *Ex Parte Young*, for clarity of the record and judicial economy, the Court considered, analyzed and addressed the exception on its own accord. This Court will not revisit the issue at this stage of the litigation.

11

Courts are discouraged from providing defendants with the opportunity to reargue issues previously resolved without a more developed record. *See Remexcel Managerial Consultants Inc. v. Arlequin,* 583 F.3d 45, 54–55 (1st Cir. 2009). To the extent that defendant attempts to reargue issues raised in unsuccessful motion to dismiss, this Court reiterates that these issues cannot be decided at this stage in the case. The Court finds that, based on the pleadings and submissions that the Court may consider at this stage, plaintiffs have alleged facts sufficient to support the remaining claims. The Court will not allow defendants to reargue issues addressed in the previous decision in an attempt to take a third bite of the apple. *See Santana v. Warner*, No. 9:11-CV-443, 2012 WL 5876871, at *3 (N.D.N.Y. Nov. 20, 2012). If defendants intend to revisit these issues in the future, the Court strongly urges defendants to participate in discovery to develop the facts in an attempt to steer this case towards a resolution.

## CONCLUSION

**IT IS HEREBY**

**ORDERED**, that plaintiffs' motion for leave to amend the complaint (Dkt. No. 50) is **GRANTED**; it is further

**ORDERED,** that plaintiffs shall file and serve an Amended Complaint consistent with the Court's order herein and this Court's local rules within ten (10) days of the date of the within Order;

**RECOMMENDED** that defendants' motion for judgment on the pleadings (Dkt. No. 53) be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the

foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C §636(b)(1); FED R. CIV. P. 72, 6(a), 6(e).

It is further **ORDERED** that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

**IT IS SO ORDERED.**

DATE: July 25, 2014
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge