**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**SUSAN KENT as PRESIDENT of**
**THE NEW YORK STATE PUBLIC EMPLOYEES**
**FEDERATION, AFL-CIO, NEW YORK STATE**
**PUBLIC EMPLOYEES FEDERATION, AFL-CIO,**
**and KAREN DANISH, JAMES CARR, ROBERT H.**
**HARMS, JR., KENNETH R. HUNTER, MARY REID,**
**CALVIN THAYER, and RAYMOND FERRARO**
**on Behalf of Themselves and All Others Similarly**
**Situated,**

**Plaintiffs,**

    **vs.**                                      **1:11-CV-1533**
                                                  **(MAD/CFH)**

**THE STATE OF NEW YORK, ANDREW M. CUOMO,**
**as Governor of the State of New York,  NEW YORK**
**STATE CIVIL SERVICE DEPARTMENT, PATRICIA A.**
**HITE, in her official capacity as Acting Commissioner,**
**New York State Civil Service Department, NEW YORK**
**STATE CIVIL SERVICE COMMISSION, CAROLINE W.**
**AHL and J. DENNIS HANRAHAN, in their official capacities**
**as Commissioners of the New York State Civil Service**
**Commission, ROBERT L. MEGNA, in his official capacity as**
**Director of the New York State Division of the Budget, and**
**THOMAS P. DiNAPOLI, in his official capacity as Comptroller**
**of the State of New York, and NEW YORK STATE AND LOCAL**
**RETIREMENT SYSTEM, NEW YORK STATE GOVERNOR'S**
**OFFICE OF EMPLOYEE RELATIONS, and GARY JOHNSON,**
**in his official capacity as Executive Director of the Governor's**
**Office of Employee Relations,**

**Defendants.**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **NEW YORK STATE PUBLIC** | **JESSICA C. CAGGIANO, ESQ.** |
| **EMPLOYEES FEDERATION, AFL-CIO** | **JOHN F. KERSHKO, ESQ.** |
| P.O. Box 12414 | **LISA M. KING, ESQ.** |
| 1168-70 Troy-Schenectady Road | **RITA J. STRAUSS, ESQ.** |
| Albany, New York 12212-3414 | **WILLIAM P. SEAMON, ESQ.** |
| Attorneys for Plaintiffs | |
| **OFFICE OF THE NEW YORK** | **HELENA LYNCH, AAG** |

**STATE ATTORNEY GENERAL**          **JUSTIN L. ENGEL, AAG**
The Capitol                          **RACHEL M. KISH, AAG**
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

In a complaint dated December 28, 2011, Plaintiffs allege that Defendants unilaterally increased the percentage of contributions that Plaintiffs, active and retired employees, are required to pay for health insurance benefits in retirement and, thereby, violated the Contracts and Due Process Clauses of the United States Constitution, impaired Plaintiffs' contractual rights under the terms of their Collective Bargaining Agreement, and violated state law. *See* Dkt. No. 1. On May 28, 2014, Defendants filed a motion for judgment on the pleadings, seeking the dismissal of all individual and official capacity claims against all Defendants except Defendants Hite and Megna. *See* Dkt. No. 53. In a July 25, 2014 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court deny Defendants' motion in its entirety. *See* Dkt. No. 64.[1]

---

[1] On March 26, 2014, Plaintiffs filed a motion to amend their complaint. *See* Dkt. No. 50. In the July 25, 2014 Report-Recommendation and Order, Magistrate Judge Hummel granted Plaintiffs' motion to amend but directed Plaintiffs to file an edited amended complaint removing any reference to previously dismissed claims and parties. *See* Dkt. No. 64. The amended complaint added individual capacity claims against Defendants Cuomo, Ahl, Hanrahan, Hite, DiNapoli, Johnson and Megna. *See* Dkt. No. 65. Moreover, the amended complaint added several new factual allegations concerning the individual Defendants. *See id.* Since Magistrate Judge Hummel granted Plaintiffs' motion to amend, the amended complaint is now the operative pleading in this matter.

Currently before the Court are Defendants' objections to Magistrate Judge Hummel's Report-Recommendation and Order.[2]

## II. DISCUSSION

**A.** **Standard of review**

In deciding a Rule 12(c) motion, the court "'employ[s] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).'" *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)).  A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is

---

[2] The Court directs the parties to its December 3, 2012 Memorandum-Decision and Order, in which the Court discussed in detail the relevant factual background. *See* Dkt. No. 25.

entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).

Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.      Defendants' objections**

4

In their objections, Defendants state that they object "to that portion of Magistrate Judge Hummel's July 25, 2014 Report and Recommendation . . . on Defendants' Motion for Judgment on the Pleadings . . . finding that Plaintiffs adequately alleged that Defendants Cuomo, Ahl, Hanrahan, DiNapoli, and Johnson were personally involved in alleged constitutional violations and therefore may be liable for monetary damages in their individual capacities pursuant to 42 U.S.C. § 1983." Dkt. No. 68-1 at 4.[3] Defendants rely on this Court's decision in *Brown v. New York*, 975 F. Supp. 2d 209, 229-31 (N.D.N.Y. 2013), a companion case, in which the Court dismissed claims against these Defendants in their individual capacities based on the plaintiffs' failure to plausibly allege their personal involvement. *See* Dkt. No. 68-1 at 5-8. Defendants contend that the allegations in the present matter are indistinguishable from the allegations in *Brown*. *See id.* Finally, Defendants contend that the personal involvement of Defendants Cuomo, Ahl, Hanrahan, Johnson and DiNapoli was not previous addressed by the Court in any of the other companion cases, with the exception of *Brown*, contrary to the findings in the Report-Recommendation and Order. *See id.* at 8-9.

## C.     Personal Involvement

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (citations omitted). "[W]hen monetary damages are sought under § 1983, the general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of

---

[3] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

the defendant is required." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quotation and other citations omitted). Nevertheless,

> [t]he personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [plaintiffs] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[4] "[W]hile facts and evidence solely within a defendant's possession and knowledge may be pled 'on information and belief,' this does not mean that those matters may be pled lacking any detail at all." *Miller v. City of New York*, No. 05-6024, 2007 WL 1062505, *4 (E.D.N.Y. Mar. 30, 2007) (citing, *inter alia*, *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 180 (2d Cir. 2004)); *see DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) ("[T]he allegations must be accompanied by a statement of the facts upon which the belief is based").

The Court will review Plaintiffs' allegations with respect to each of the individual Defendants in turn.

### 1. Defendant Cuomo

---

[4] Although the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations, the Court will assume for purposes of this motion that *Colon* is still good law. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

In the amended complaint, Plaintiffs have alleged that Defendant Cuomo is the Governor of New York and that,"[u]pon information and belief, defendant Cuomo took action to impose, approved and directed reduced health insurance benefits (and increased rates of contribution) on a continuing and ongoing basis for retired State employees, effective October 1, 2011." Dkt. No. 65 at ¶¶ 21-22. Further, Plaintiffs contend that, "[u]pon information and belief, defendant Hite took action to impose, administratively extend and implement reduced health insurance benefits (and increased rates of contribution) on a continuing and ongoing basis for retired State employees, including plaintiffs and the class they represent, effective October 1, 2011, and also did so at the direction of defendant Governor and/or his staff." *Id.* at ¶ 30. Finally, the amended complaint alleges that Defendant Cuomo signed Chapter 491 of the Laws of 2011 on August 17, 2011. *See id.* at ¶ 137.

### 2. Defendants Ahl and Hanrahan

The amended complaint provides that "Defendants Caroline W. Ahl and J. Dennis Hanrahan, together constitute the Civil Service Commission, with all the powers and duties set forth in the *Civil Service Law* and as otherwise prescribed by law, statutes, rules and regulations. Ms. Ahl and Mr. Hanrahan are defendants in their official and individual capacities." Dkt. No. 65 at ¶ 33. Further, Plaintiffs allege that, "[u]pon information and belief, defendants Caroline W. Ahl and J. Dennis Hanrahan took action to impose, administratively extended and implemented reduced health insurance benefits (and increased rates of contribution) on a continuing and ongoing basis for retired State employees, including plaintiffs and the class they represent, effective October 1, 2011." *Id.* at ¶ 34. No other allegations in the amended complaint mention these Defendants by name.

### 3. Defendant DiNapoli

According to the amended complaint, "Defendant Thomas P. DiNapoli, as Comptroller of the State of New York, is the head of the Office of State Comptroller and the Department of Audit and Control, which is a department within the Executive Branch of the New York State Government." Dkt. No. 65 at ¶ 37. Further, the amended complaint contends that "Defendant DiNapoli, as State Comptroller, is responsible for the administration of the New York State and Local Retirement System (Retirement System), including the monthly payment of pensions to eligible State employee pensioners in the Employees' Retirement System (ERS), less any deductions for the payment of retiree health insurance premium costs. Mr. DiNapoli is a defendant in his official and individual capacities." *Id.* at ¶ 38. Finally, Plaintiffs contend that, "[u]pon information and belief, defendant DiNapoli took action to impose, extend and implement reduced health insurance benefits (and increased rates of contribution) on a continuing basis for retired State employees, including plaintiffs and the class they represent, effective October 1, 2011." *Id.* at ¶ 40. The amended complaint contains no other allegations relating to Defendant DiNapoli.

### 4. Defendant Johnson

In their objections and underlying motion, Defendants also contend that the allegations against Defendant Johnson are equally vague and conclusory, and fail to plausibly allege his personal involvement. *See* Dkt. No. 68-1 at 6 n.3. The amended complaint asserts that "Defendant Johnson is the Executive Director of defendant Governor's Office of Employee Relations ("GOER"), which is the agency of the Governor for the negotiation and administration of collective bargaining agreements with the bargaining representatives of all State employees,

including PEF." Dkt. No. 65 at ¶ 41. Additionally, the amended complaint asserts that, "[u]pon information and belief, defendant Gary Johnson took action to impose, extend and implement reduced health insurance benefits (and increased rates of contribution) on a continuing and ongoing basis for retired State employees, including plaintiffs and the class they represent, effective October 1, 2011." *Id.* at ¶ 42. Finally, the amended complaint indicates that Defendant Johnson "is a defendant in his official and individual capacities." *Id.* at ¶ 41. The amended complaint contains no other allegations that specifically relate to Defendant Johnson.

### 5. Application

In the present matter, the Court agrees with Defendants Cuomo, Ahl, Hanrahan, Johnson and DiNapoli that the amended complaint fails to plausibly allege their personal involvement in the alleged constitutional violations and, therefore, the claims brought against them in their individual capacities must be dismissed. The allegations contained in the present amended complaint are, for the most part, virtually indistinguishable to the allegations in the complaint in *Brown.*

Although Plaintiffs correctly assert that their amended complaint contains more information concerning Defendant Cuomo than the complaint in *Brown*, it is still insufficient to plausibly allege his personal involvement. Contrary to Plaintiffs' assertions, at best, the amended complaint alleges that, because Defendant Cuomo appointed those responsible for overseeing these changes in the law, he was responsible for the actions of these subordinates. The law is clear that vicarious liability and *respondeat superior* are inapplicable in actions brought pursuant to 42 U.S.C. § 1983. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through

the official's own individual actions, has violated the Constitution"); *Madsen v. Washington*, No. C12-5928, 2013 WL 1499145, *4 (W.D. Wash. Mar. 13, 2013) (holding that simply because the governor appointed the individual alleged to have violated the plaintiff's rights is insufficient to allege the governor's personal involvement).

Plaintiffs also contend in their memorandum of law that, "[i]n addition to the allegations of the proposed amended complaint, plaintiffs also submitted documents turned over during preliminary disclosure further tending to prove, even at this early state of the case, the direct, individual and personal involvement of the defendants (particularly defendants Cuomo and DiNapoli)." Dkt. No. 59 at 7-8 (citations omitted). Plaintiffs contend that this Court may consider these documents, as well as documents submitted with a reply affidavit in ruling on the present motion. *See id.* In support of this proposition, Plaintiffs rely on that portion of the Court's December 4, 2012 Memorandum-Decision and Order in which it stated that it "may consider evidence outside the pleadings, *e.g.*, affidavit(s), documents or otherwise competent evidence." Dkt. No. 26 at 7. Plaintiffs, however, fail to note that the Court's December 4, 2012 Memorandum-Decision and Order was in response to a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The law is well-settled that the Court may not consider such outside evidence when decision a motion brought pursuant to Rule 12(b)(6). While Plaintiffs may be able to plausibly plead the personal involvement of the moving Defendants, they have simply failed to do so here.

As to Defendants Hanrahan, Ahl, Johnson and DiNapoli, as noted above, the amended complaint does nothing more than identify who they are and their positions within the state government. Aside from a speculative assertion that they were somehow involved, the amended complaint provides no basis for this assertion or how they were involved in the alleged

misconduct. Specifically, Plaintiffs' cursory addition of the phrase that these Defendants "took action," without any attempt at factual enhancement, does not distinguish this case from *Brown*. Such allegations are clearly insufficient to plausibly allege their personal involvement in the alleged unconstitutional conduct. Finally, although Plaintiffs seek to enjoin Defendant DiNapoli and the Retirement System from making further deductions from the monthly pension payments as a result of the reduced State Contribution rates, that prospective relief would be against him in his official capacity and, therefore, is not impacted by this Court's ruling.

Based on the foregoing, the Court grants Defendants' motion for judgment on the pleadings on this ground.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the July 25, 2014 Report-Recommendation and Order is **REJECTED in part and ACCEPTED in part**; and the Court further

**ORDERS** that Defendants' motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that the claims brought against Defendants Cuomo, Hanrahan, Ahl, Johnson and DiNapoli in their individual capacities are **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance in the Local Rules; and the Court further

**ORDERS** that all further non-dispositive pretrial matters are referred to Magistrate Judge

Hummel.

**IT IS SO ORDERED.**

Dated:  March 20, 2015
        Albany, New York

Mae A. D'Agostino
U.S. District Judge